# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FRANCES DIANN DANIELS-
RICHARDSON,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____ /

Case Number: 10-10539

GERALD E. ROSEN
UNITED STATES DISTRICT COURT

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION:
## DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Frances Diann Daniels-Richardson, through her counsel, appeals the Social Security Commissioner's decision denying her disability insurance benefits and supplemental security income. This case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated below, the court recommends that the Commissioner's motion for summary judgment (Doc. No. 11) be **GRANTED**, that Plaintiff's motion for summary judgment (Doc. No. 10) be **DENIED**, and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

## I. Background

On May 24, 2007, Plaintiff filed applications for a period of disability and disability insurance benefits. (Tr. 120). On June 12, 2007, Plaintiff applied for supplemental security income. (Tr. 97). Plaintiff claims that she has been disabled since August 14, 2006, as a result of a back injury she suffered on the job. (Tr. 124). Plaintiff reported that her ability to work is limited by the

1

following conditions: "[a]nular dystrophies, torn anular disc, arthritis, severe back and leg pain, and a loss of control in my right leg." (Tr. 124).

Plaintiff, who was 54 years-old when she applied for disability, is a Licensed Practical Nurse and she worked for the American Red Cross in its blood services unit before she was injured. (Tr. 143). Plaintiff hurt her back lifting a fifty-pound "Humanetics machine" during a blood drive in July 2006. (Tr. 27-28). She has not worked since September 2006. (Tr. 25).

The Michigan state agency that makes disability determinations for the Social Security Administration initially denied plaintiff's applications (Tr. 44-46). Plaintiff then filed a timely request for a hearing. (Tr. 52). Plaintiff appeared, without counsel, for an administrative hearing on January 7, 2008. (Tr. 55). Subsequently, on February 3, 2009, Administrative Law Judge William C. Thompson, Jr. issued a decision affirming the denial of disability benefits. (Tr. 6-8).

ALJ Thompson applied five-step sequential analysis set out in the SSA's regulations to determine whether Plaintiff qualified for benefits. 20 C.F.R. § 404.1520(b)-(f). At step one, ALJ Thompson found that Plaintiff has not engaged in substantial activity since August 14, 2006. (Tr. 11). At step two, the ALJ found that Plaintiff has the severe impairment of a back strain. (Tr. 11). However, at step three, the ALJ concluded that Plaintiff's back strain did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12). In so finding, the ALJ considered Listing 1.04A, and concluded "[t]he record does not establish that there is a compromise of a nerve root or the spinal cord." (Tr. 12). At steps four and five, the ALJ found that Plaintiff has the residual functional capacity to perform "the full range of light work" and, therefore, could perform her past work as a phlebotomist. (Tr. 12, 16).

After receiving the ALJ's unfavorable decision, Plaintiff appealed to the Appeals Council

but the Appeals Council denied her request for review. (Tr. 1). Subsequently, Plaintiff filed the instant complaint for judicial review of the denial of benefits pursuant to 42 U.S.C. § 405(g). (Doc. No. 1).

On February 8, 2010, the Honorable Gerald E. Rosen referred this case to this court for the resolution of all non-dispositive motions and the issuance of a Report and Recommendation. (Doc. No. 2). Plaintiff filed her motion for summary judgment on May 22, 2010. (Doc. No. 10). The Commissioner followed suit on June 30, 2010. (Doc. No. 11). This case is now ready for resolution.

## II. Standard of Review

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. *Brainard v. Secretary of HHS*, 889 F.2d 679, 681 (6th Cir. 1989); *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in *Brainard*, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." "[The] decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key*, 109 F.3d at 273.

**III. Analysis**

Plaintiff first argues that the ALJ committed reversible error by finding that Plaintiff did not meet the impairment Listing 1.04A. (Doc. No. 10, Pl.'s Br. 14). Plaintiff argues that there is no requirement that a physician opine that Plaintiff meets the listing and the listing also does not require a "compromise of a nerve root or the spinal cord," as stated by the ALJ. *Id.* Plaintiff contends that the substantial evidence, specifically Dr. Rosenberg and Dr. Jenkins findings, show that Plaintiff's condition meets or exceeds the impairment listing. *Id.* at 14-15.

The Commissioner responds that, contrary to Plaintiff's assertion, Listing 1.04A requires a spine disorder "resulting in compromise of a nerve root," and Plaintiff's medical records do not show such a condition. (Doc. No. 11, Def.'s Br. 9). In addition, the ALJ properly commented that none of her treating physicians opined that she met the listing. *Id.* The Commissioner further argues that the ALJ came the correct conclusion because, after 2006, Plaintiff's medical records do not contain any notation of a significant abnormality of the type required by Listing 1.04A. *Id.*

In deciding that Plaintiff does not have an impairment or impairments that meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, ALJ Thompson wrote:

> I specifically considered listing 1.04. The medical record and the testimony of the claimant fail to provide sufficient support for a finding that she meets the limitations required by this listing. The record does not establish that there is compromise of a nerve root or the spinal cord. In addition, no physician has opined that the claimant's condition meets or equals any listing, and the State agency physicians have opined that it does not. The applicability of listing 1.04 is not appropriate as the record does not establish that this listing is met or equaled.

Plaintiff has not satisfied the statutory requirements of 1.04A. To qualify as disabled under Listing 1.04A, which govern disorders of the spine, Plaintiff must provide evidence of a spine disorder that results in the compromise of a nerve root or the spinal cord, plus nerve root

compression "characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)." Therefore, evidence of a compromised nerve root or spinal cord is required, contrary to Plaintiff's assertion. Although Plaintiff's medical records document that Plaintiff has a annular tear at L4-L5 and L5-S1, (Tr. 211), there is no evidence of nerve root or spinal cord compression. Accordingly, Plaintiff has not met or equaled Listing 1.04A. ALJ Thompson properly applied the applicable regulation and his factual finding that Plaintiff's medical records do not support the conclusion that Plaintiff's condition meet or equals any listing is supported by substantial evidence.

In addition, there is no reason why the ALJ cannot consider the presence or absence of a doctor's opinion regarding whether a claimant meets a listing. Obviously, a doctor's opinion that a claimant meets a listing is not required for a finding of disability, but the ALJ is certainly allowed to consider that evidence if it exists and comment on its absence if there is no such opinion in the record. ALJ Thompson's comment that Plaintiff's doctors had not opined that her condition meets Listing 1.04A does not constitute reversible error.

Plaintiff next argues that ALJ Thompson committed reversible error by not properly assessing her credibility. (Doc. No. 10, Pl.'s Br. 16). Plaintiff asserts that the ALJ "rejected claimant testimony by wrongly quoting the evidence" in finding that Plaintiff's complaints of back pain were not consistent with the medical records, which contained few significant abnormal findings. *Id.* at 17. Specifically, Plaintiff contends that the ALJ ignored Dr. Soo's surgery recommendation, the failed epidural pain medication treatments, Dr. Jenkins' office notes from

August 2006, which state that an MRI that was performed was "very abnormal," that Plaintiff needs a referral to the pain clinic, and that Plaintiff's pain radiates into her right leg, and Dr. Jenkins' September 2008 opinion that Plaintiff is "completely and totally disabled." *Id.* at 17. Plaintiff further argues that the ALJ ignored Dr. Rosenberg's recommended treatment options of decompression, medication, spinal cord stimulator, or spinal fusion, none of which are conservative treatments. *Id.*

The Commissioner argues that Plaintiff has not identified any authority to support her contention that epidural injections are not conservative treatment. (Doc. No. 11, Def.'s Br. 10). In addition, the Commissioner argues that the ALJ's weighing of the relevant credibility factors was not unreasonable and should be affirmed. *Id.*

With respect to Plaintiff's credibility, ALJ Thompson wrote, in part:

> In sum, the lack of objective medical evidence, the minimal or lack of treatment provided and examinations performed, which revealed generally normal findings with subjective complaints of pain, showed little evidence of impairment, much less a disabling impairment. Although the claimant complained of continued low back pain, most clinical findings were normal or minimal. The lack of objective medical evidence and the claimant's subjective complaints are fully consistent with the above residual functional capacity.

(Tr. 16).

Plaintiff's arguments lack merit. The essence of Plaintiff's argument is that the ALJ chose to rely more heavily on the medical evidence and medical opinion evidence than on Plaintiff's testimony regarding his pain and limitations. There is nothing inherently erroneous with the ALJ's decision to rely on his own assessment of the record rather than rely exclusively on Plaintiff's testimony. *See* S.S.R. 96-7p (stating that ALJs may rely on "[s]tatements and reports from the individual and from treating or examining physicians or psychologists and other persons about the

individual's medical history" to assess credibility).

Moreover, ALJ Thompson thoroughly discussed the objective medical evidence and Plaintiff's daily activities. The ALJ cited ample medical evidence and opinion that contradicted Plaintiff's allegations of disabling physical impairments. (Tr. 13-15). Contrary to Plaintiff's assertion, her treatment, which thus far has consisted of pain medication and a discogram, even though some of her doctors have recommended surgery, is conservative. As noted by the ALJ, Plaintiff has discontinued more aggressive treatment such as physical therapy and pain management by the pain clinic. In addition, Plaintiff's testimony about her relatively active lifestyle, including fishing once or twice a week, housework, errands, and church twice a week, undermines her credibility as to her pain. It was for these reasons that the ALJ found that Plaintiff was not entirely credible. In light of this court's deferential approach to credibility assessments, Plaintiff has failed to demonstrate that the ALJ's adverse-credibility finding was not supported by substantial evidence. *See Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir.1994) ("The ALJ's credibility findings are subject to substantial deference on review . . . .") (citation omitted). Thus, this court will not disturb the ALJ's credibility finding.

Lastly, Plaintiff argues that ALJ Thompson erred by failing to afford proper weight to Dr. Jenkins' opinion that she is disabled. (Doc. No. 10, Pl.'s Br. 18-19). Plaintiff further argues that the ALJ afforded excessive weight to Dr. Kuiper's opinion, the state agency doctor, who concluded that Plaintiff could perform light work, in contrast to the little weight the ALJ afforded to Dr. Jenkins' opinion that Plaintiff is completely disabled. *Id.* at 20.

The Commissioner responds that the ALJ provided good reasons why he did not afford Dr. Jenkins' opinion controlling weight. (Doc. No. 11, Def.'s Br. 10). The ALJ noted that Dr. Jenkins'

7

opinion lacked the support of medical evidence and was inconsistent with other credible evidence in the record. *Id.* The Commissioner also argues that Dr. Jenkins' opinion was "conclusory" and it is the Commissioner's duty to determine whether or not Plaintiff is disabled. *Id.*

Under Social Security regulations, when a treating physician, such as Dr. Jenkins, submits a medical opinion, the ALJ must either defer to the opinion or provide "good reason" for refusing to defer to the opinion. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

In this case, ALJ Thompson stated sufficient "good reason[s] for refusing to defer" to Dr. Jenkins' opinion. ALJ Thompson wrote that Dr. Jenkins opinion "is not a specific assessment of the nature and severity of the claimant's impairments." (Tr. 16). Instead, the ALJ found that Dr. Jenkins' opinion was "an assessment of the claimant's ability to perform past relevant work" and merely summarized Plaintiff's diagnosis, MRI findings, and the failure of the epidural injections, "but does not present objective clinical findings that support its conclusion." (Tr. 16). For these reasons, the ALJ refused to afford the opinion any special weight.

The ALJ properly refused to assign controlling weight to Dr. Jenkins' conclusory opinion that Plaintiff is disabled. The ALJ stated good reasons for his refusal to defer to the opinion and his reasons are supported by substantial evidence in the record. Thus, the ALJ did not commit reversible error by failing to assign Dr. Jenkins' opinion controlling weight.

## IV. Conclusion

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that Plaintiff's motion for summary judgment be **DENIED**, and that Plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation,

8

but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                                  S/Virginia M. Morgan
                                                  Virginia M. Morgan
                                                  United States Magistrate Judge

Dated: September 2, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on September 2, 2010.

                                                  s/Jane Johnson
                                                  Case Manager to
                                                  Magistrate Judge Virginia M. Morgan