# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FRANCES DIANN DANIELS-RICHARDSON,

       Plaintiff,

v.

       Case No. 10-10539
       Hon. Gerald E. Rosen
       Magistrate Judge Virginia M. Morgan

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

       At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        March 8, 2011

       PRESENT: Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

On September 2, 2010, Magistrate Judge Virginia M. Morgan issued a Report and Recommendation ("R & R") recommending that the Court grant the Defendant Commissioner of Social Security's motion for summary judgment and deny Plaintiff Frances Diann Daniels-Richardson's motion for summary judgment. On September 6, 2010, Plaintiff filed objections to the R & R, and Defendant responded to these objections on September 21, 2010. The Court has now reviewed the R & R, Plaintiff's objections, Defendant's response, the parties' underlying motions, and the record as a whole. For the reasons set forth briefly below, the Court finds no merit in Plaintiff's objections, and

therefore adopts the Magistrate Judge's R & R as the opinion of this Court.

Plaintiff's three objections to the R & R merely repeat the arguments raised in her underlying summary judgment motion. First, she argues that the Administrative Law Judge ("ALJ") erred in determining that her impairment did not meet or medically equal the criteria set forth in Listing 1.04A of the Listing of Impairments. Yet, as the Magistrate Judge explained, this Listing is not met absent "evidence of a spine disorder that results in the compromise of a nerve root or the spinal cord." (R & R at 4.) Plaintiff has not produced such evidence, as she evidently concedes in her objections.

As for Plaintiff's contention that she produced evidence of an impairment that is at least medically equal to the Listing, the ALJ observed that "no physician has opined that the claimant's condition meets or equals any listing, and the State agency physicians have opined that it does not." (Admin. Record at 12.) As Defendant points out, the ALJ may properly rely on the opinion of a state agency physician on this point, *see* 20 C.F.R. § 404.1526(c), particularly where, as here, the state agency physician's opinion was uncontested. Against this finding supported by the record, Plaintiff offers only the conclusory assertion that a discogram revealed a condition that was "at least of equal medical significance to the required criteria" of the Listing. (Plaintiff's Objections at 2.) No authority is offered for this proposition, nor does Plaintiff cite any supporting assessment of a medical professional. Accordingly, the Court finds that substantial evidence supports the ALJ's resolution of this issue.

Next, Plaintiff challenges the ALJ's assessment of her credibility. As a threshold

matter, to the extent Plaintiff contends that the ALJ's credibility determination did not "rely on medical evidence at all," but rather "ignore[d] the evidence," (Plaintiff's Objections at 4), this broad accusation is belied by the ALJ's extensive discussion of the medical record as grounds for discounting Plaintiff's statements "concerning the intensity, persistence and limiting effects of" the symptoms of her back condition, and for determining that her "allegations of disabling levels of pain" were not fully credible. (*See* Admin. Record at 13-15.) To the extent Plaintiff contends that the ALJ could have viewed this medical record as more supportive of her testimony as to her pain and limitations, or that the ALJ could have placed greater emphasis on certain portions of this record, the Court fully concurs in the Magistrate Judge's analysis on this point. (*See* R & R at 5-7.) In particular, the Magistrate Judge aptly emphasized the courts' "deferential approach to credibility assessments," (R & R at 7), and the Court readily agrees that the ALJ's credibility determination survives scrutiny under this deferential standard.

Finally, Plaintiff contends that the Magistrate Judge erred in finding that the ALJ identified sufficient reasons for giving less than controlling weight to the opinion of Plaintiff's treating physicians. Yet, apart from Plaintiff's strenuous opposition to the ALJ's characterization of her condition as a "back strain," (*see* Admin. Record at 11), she fails to explain how the opinions and diagnoses cited in her objections should have led the ALJ to impose additional limitations or arrive at a different assessment of her residual functional capacity. The only specific limitation that Plaintiff identifies in these treating physician opinions is the statement of Dr. Jenkins that Plaintiff was "completely and

totally disabled." (Admin. Record at 279.) The Magistrate Judge ably addressed this issue in the R & R, (*see* R & R at 7-8), and the Court sees no need to add to this analysis.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's September 2, 2010 Report and Recommendation, as supplemented by the above rulings, is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED that, for the reasons stated in the R & R and set forth above, Defendant's motion for summary judgment (docket #11) is GRANTED, and Plaintiff's motion for summary judgment (docket #10) is DENIED.

        s/Gerald E. Rosen
        Chief Judge, United States District Court

Dated: March 8, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2011, by electronic and/or ordinary mail.

        s/Ruth A. Gunther
        Case Manager